IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
KEITH DEE,                          *
                                    *
     Plaintiff,                     *
                                    *
     v.                             *      CV 114-176
                                    *
BOARD OF REGENTS OF THE             *
UNIVERSITY SYSTEM OF GEORGIA        *
d/b/a GEORGIA REGENTS               *
UNIVERSITY,                         *
                                    *
     Defendant.                     *
```

## O R D E R

Presently before the Court is Defendant's Motion to File the Deposition of Dr. Steven Lynn Under Seal. (Doc. 32.) This case arises from Plaintiff's alleged forced resignation as a Medical Resident in the Anesthesiology Department at Georgia Regents University, formerly known as the Medical College of Georgia, due to substance abuse. Per Plaintiff's request, Defendant seeks to seal the deposition of Dr. Steven Lynn, Plaintiff's treating physician, because it concerns "Plaintiff's medical diagnosis and treatment," "contains privileged information," and includes as exhibits portions of Plaintiff's confidential medical records. (Doc. 32, ¶¶ 2, 4.)

"There is a common-law presumption that judicial records are public documents." Webb v. CVS Caremark Corp., No. 5:11-CV-106, 2011 WL 6743284, at *1 (M.D. Ga. Dec. 23, 2011) (citing Nixon v. Warner Commc'n, Inc., 435 U.S. 589, 597 (1978); Chi. Tribune Co. v.

Bridgestone/Firestone, 263 F.3d 1304, 1311 (11th Cir. 2001)). "The operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007) (quotations omitted).

The right of public access is not absolute, however, and may be overcome by a showing of good cause. Id. The good cause inquiry involves "balancing the asserted right of access against the other party's interest in keeping the information confidential." Id. at 1246 (quotation omitted).

> Whether good cause exists is decided by the nature and character of the information in question. In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Id. (citations and quotations omitted).

The Court has reviewed the substance of Dr. Lynn's deposition and accompanying exhibits, as well as the summary judgment motion it supports. The deposition testimony and exhibits at issue, though undoubtedly relevant to *some* of Defendant's defensive contentions, contain many personal details that are by no means critical to the resolution of the

2

underlying employment-related dispute. Furthermore, given the scope of Defendant's motion, Dr. Lynn's deposition represents only a small portion of the full record available for the public's review.[1]

Thus, the Court finds that Plaintiff's interest in maintaining the confidentiality of his medical information outweighs any public interest in open access and thus **GRANTS** Defendant's motion. (Doc. 32.) It is hereby **ORDERED** that the deposition of Dr. Steven Lynn (Docs. 32-1 & 32-2) shall be **SEALED** by the Clerk so as to remove it from the public record of the Court and **FILED** as a standalone entry on the docket.

**ORDER ENTERED** at Augusta, Georgia, this 24th day of August, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] It also is important to recognize that here, "the party filing the presumptively confidential discovery material with the court [was] not the party claiming confidentiality, but that party's adversary[.]" Chi. Tribune, 263 F.3d at 1315 n.15. Although litigants "voluntarily forego[] confidentiality when one submits material for dispute resolution in a judicial forum . . . [t]here is no voluntariness, of course, where one's adversary" makes submission. Id.

3